■ RICHARD G. LENAEUS, Appellant, v. CRANES, INC., Defendant-Respondent, and Third-Party Plaintiff-Respondent. STEEL STRUCTURES, INC., Third-Party Defendant-Respondent. CRANES, INC., Plaintiff, v. STEEL STRUCTURES, INC., Defendant.— Order unanimously modified so as to provide that the case retain its place on the calendar and, as so modified, affirmed, without costs. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and McNally, JJ.

■ DAVID KAMERMAN, Appellant, v. ROBERT M. PICKARD et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. Plaintiff may renew the motion for discovery and inspection after the conclusion of the examination before trial upon a showing of the inadequacy of the examination. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and McNally, JJ.

■ POLLY PLATT, Respondent, v. LOUIS PLATT, Appellant.— Order filed September 14, 1959 disposing of plaintiff wife's motion to punish defendant husband for contempt unanimously modified, on the law and on the facts, and in the exercise of discretion, without costs to either party: (1) to provide that the weekly alimony shall be reduced from $40 to $15 retroactive to November 26, 1958, namely, the date when defendant moved with respect to the final judgment; (2) to delete all provisions with respect to the delivery of any paintings and, instead thereof, to require defendant to make payments on account of arrears in alimony at the rate of $10 per week, such arrears to be computed from January 1, 1958; and (3) to provide that defendant, in addition to his personal income tax returns, shall furnish plaintiff with the income tax returns of the millinery corporation in the same manner; and such order is otherwise affirmed. The order filed September 23, 1959 disposing of defendant husband's motion to strike all provisions for the payment of alimony modified, on the law and on the facts, and in the exercise of discretion, without costs to either party: (1) to also provide that the weekly alimony shall be reduced from $40 to $15 retroactive to November 26, 1958; and (2) to delete all provisions with respect to the furnishing of certified income tax returns or certified statements of profit; and the order is otherwise affirmed. The record shows that since the divorce of the parties in 1955 defendant has failed to maintain his financial obligations to plaintiff pursuant either to the judgment or the agreement that was executed between the parties. It is also quite clear, however, that defendant's business activity has not been profitable. Certainly, the examination by plaintiff's accountant of the books and records of defendant's corporation shows a limited capacity to maintain the alimony payments provided by the judgment. At the same time defendant has shown less than sufficient effort to maintain his obligations. On the available facts the amounts fixed above are reasonable. If defendant wishes to avoid punishment for contempt, he should make the payments directed and abstain from relying on retroactive relief after the wife has been compelled to initiate proceedings against him. There is insufficient warrant in the record to justify any direction to require delivery of the paintings, in the absence of any suggestion or proof of their value or saleability. Settle orders. Concur — Botein, P. J., Breitel, M. M. Frank, Valente and McNally, JJ.